60(b).frm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Julius Larosa Evans, )
)
                Petitioner, )    **1:05CV00978**
)    1:96CR222-1
v. )
)
United States of America, )
)
                Respondent. )

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a pleading seeking relief from a criminal judgment pursuant to Federal Rules of Civil Procedure, Rule 60(b). (Docket no. 181) Rule 60(b) is not applicable to criminal proceedings and, consequently, a party may not seek relief from a criminal conviction under Fed. R. Civ. P. 60(b).[1] See Fed. R. Civ. P. 1; see also United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Rather, petitioner's pleading should be construed as a request for habeas relief pursuant to 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998); Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995). As such, petitioner's pleading is defective because he has failed to file his claims on the proper Section 2255 forms. See Rules Governing Section 2255 Proceedings Rule 2(b).

**IT IS THEREFORE ORDERED** that the clerk send petitioner a copy of this recommendation, forms for filing Section 2255 actions in this Court, and instructions.

---

[1] Petitioner seeks an "independent action" based on alleged fraud on the court under Rule 60(b). Even if such an "independent action" could be used to attack his criminal judgment, petitioner may not resort to such an action because he has failed to show that he has no other remedy at law, such as a section 2255 motion. This is a requirement for an independent action. See National Sur. Co. v. State Bank of Humboldt, 120 Fed. 593, 599 (8th Cir. 1903).

**IT IS THEREFORE RECOMMENDED** that petitioner's "Rule 60(b)" motion (docket no. 181) be construed as an attempt by petitioner to file a Section 2255 action and dismissed without prejudice to petitioner filing a new action on the proper forms.

> Wallace W. Dixon, U.S. Magistrate Judge

November 8, 2005